O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZULMA YACENIA RAUDA DE AYALA, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br><br>AMERICAN AIRLINES, INC., and DOES 1 to 50, Inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:23-cv-03571-MEMF-MAR<br><br>**ORDER DENYING MOTION TO REMAND [ECF NO. 12]** |

　　　Before the Court is a Motion to Remand filed by Plaintiff Zulma Yacenia Rauda De Ayala. ECF No. 12. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L. R. 7-15.  For the reasons stated herein, the Court DENIES the Motion to Remand.

/ / /

/ / /

/ / /

/ / /

/ / /

1

I.   **Factual Background**[1]

On July 28, 2020, Plaintiff Zulma Yacenia Rauda De Ayala ("Ayala") was injured as a result of unsafe conditions at Defendant American Airlines, Inc.'s ("American's") property. *See* Compl. at 5–6.

II.  **Procedural History**

Ayala filed suit in Los Angeles County Superior Court on July 26, 2021. *See* Compl. Ayala brings two causes of action: premises liability and general negligence. *See id.* The Complaint does not specify how much Ayala seeks in damages. *See id.* Defendants filed an Answer in Los Angeles County Court on September 21, 2023. *See* ECF No. 1-3

On May 4, 2023, Ayala served American with a Statement of Damages. *See* ECF No. 1-4 ("Statement of Damages" or "SOD"). The Statement of Damages states that Ayala seeks $395,000 in total damages ($100,000 for past pain and suffering, $200,000 for future pain and suffering, $50,000 for emotional distress, $25,000 for medical expenses to date, and $20,000 for future medical expenses). *See id.*

On May 10, 2023, American removed the action to this Court. *See* ECF No. 1 ("Notice of Removal" or "NOR"). American based its removal on diversity of citizenship, noting that American is incorporated in Delaware and based in Texas while Ayala is a citizen of California, and that Ayala seeks more than $75,000 in damages. *See* NOR ¶¶ 1, 7–11.

Ayala filed her Motion to Remand on June 9, 2023, alongside a declaration with various exhibits. ECF No. 12 ("Motion" or "Mot."); ECF No. 12-2 ("Moreno Declaration" or "Moreno Decl."). American filed an Opposition to the Motion on September 14, 2023. ECF No. 19 ("Opposition" or "Opp'n"). Ayala filed a Reply in support of the Motion on September 27, 2023. ECF No. 20 ("Reply").

/ / /

---

[1] The factual allegations included in this section are taken from Plaintiff Zulma Yacenia Rauda De Ayala's Complaint. *See* ECF No. 1-1 ("Complaint" or "Compl."). The Court includes these allegations only as background and makes no finding on whether they are true.

### III. <u>Applicable Law</u>

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction, and the only one relevant to this order, is diversity jurisdiction. *See* 28 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction requires "requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. A notice of removal may be filed within 30 days after the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If the plaintiff subsequently challenges the removal, the burden is on the removing defendant to prove that removal is proper." *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotk*a, 599 F.3d 1102, 1006–07 (9th Cir. 2010). There is a "strong presumption" against removal jurisdiction. *See id.* at 1007.

Where a state-court complaint is unclear or ambiguous as to the amount in controversy,[2] the defendant must prove by preponderance of the evidence that there is federal jurisdiction. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Guglielmino*, 506 F.3d at 699 (quoting this language from *Sanchez*). The amount in controversy is "simply an estimate of the total amount in dispute," and not "a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). A judicial admission by the plaintiff that the amount in controversy is over the threshold is generally sufficient for federal court jurisdiction. *Singer v. State Farm Mut. Auto. Ins.*

---

[2] There are slightly different standards where the state-court complaint is not ambiguous. *See Guglielmino*, 506 F.3d at 699 (describing "three different burdens of proof which might be placed on a removing defendant under varying circumstances"). The other standards have no application to this Order.

3

*Co.*, 116 F.3d 373, 376 (9th Cir. 1997). The district court has discretion as to whether to accept such a judicial admission. *See id.* A defendant who seeks to remove a state court action "faces an uphill battle," and should generally "conduct discovery in state court before removal, and remove upon receipt of a pleading, discovery response or other paper now disclosing the basis for a removable claim." Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2023), Ch. 2D-4 ¶ 2:2386.

## IV. Discussion

Ayala's sole argument is that American failed to show that the amount in controversy is over $75,000. *See* Mot. The Court finds that American met its burden of showing this by preponderance of evidence. Accordingly, Ayala's Motion will be denied.

Ayala's complaint is ambiguous as to the amount of damages. *See* Compl. Thus, American "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *See Sanchez*, 102 F.3d at 404. To meet this burden, American's Notice of Removal cited the Statement of Damages Ayala provided. *See* NOR; *see also* SOD. The Statement of Damages is discovery device required by the California Code of Civil Procedure. *See* Cal. Code Civ. P. § 425.11(b) ("in an action to recover damages for personal injury or wrongful death, the defendant may at any time request a statement setting forth the nature and amount of damages being sought. . . . [the plaintiff] shall serve a responsive statement as to the damages.").

The Statement of Damages clearly states that Ayala seeks a total of $395,000. *See* SOD. It is signed by Ayala's counsel. *See id.* The Court finds that the Statement of Damages is a judicial admission, and the Court will accept Ayala's representations as to how much damages Ayala seeks. *See Singer*, 116 F.3d at 376. Although the facts here are slightly different than those in Singer, where the plaintiff's counsel admitted in open court that the plaintiff sought more than the threshold amount of damages, this distinction makes no difference. *See id.* Ayala admitted that she seeks $395,000. *See* SOD. This admission is sufficient for American to meet its burden of showing that the amount in controversy—an "estimate of the total amount in dispute"—is more likely than over $75,000. *See Lewis*, 627 F.3d at 400 (9th Cir. 2010).

Ayala argues that American's estimate is "conclusory," that the Statement of Damages is "speculative," and that American has presented no admissible summary-judgment-type evidence.

But it did—the Statement of Damages, which this Court treats as an admission. It is appropriate for a defendant to remove based on information learned from the plaintiff in discovery, *see* Fed. Civ. Pro. Before Trial, Ch. 2D-4 ¶ 2:2386, and this is exactly what American did here. Ayala stated in a discovery response signed by her counsel that she seeks $395,000—American is not speculating or making conclusory assertions when American claims that $395,000 is at stake.

Despite the strong presumption against removal jurisdiction, the Court finds that American met its burden. *See Geographic Expeditions*, 599 F.3d at 1006–07. Because Ayala made clear that she seeks well more than $75,000, American's removal of the action was proper.

## V.  Conclusion

For the reasons stated herein, Ayala's Motion to Remand is DENIED.

IT IS SO ORDERED.

Dated: October 6, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge